[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CLARKE'S MOTION TO STRIKEDATED SEPTEMBER 25, 1996
This is another attack on Count Seventeen. Based upon the court's ruling on the Motion to Dismiss which motion was dated September 27, 1996, the amended complaint alleging wilful, wanton and reckless conduct does state a cause of action on which relief can be granted.
In view of the aforesaid allegations and the fact that this count does not allege an employer-employee relationship but rather recklessness by a state employee to which immunity does not apply, Clarke's claim that there was no duty owing to plaintiff by him is without merit. The count as amended does state a cause of action on which relief can be granted.
Accordingly, the motion to strike Count Seventeen is denied.
Rittenband, Judge
NO. CV95 58263 S : SUPERIOR COURT
GEORGE ROOD : JUDICIAL DISTRICT OF TOLLAND,
VS. : AT ROCKVILLE
CANTEEN CORPORATION, ET AL : FEBRUARY 18, 1997
MEMORANDUM OF DECISION ON MOTION TO AMEND COUNT SEVENTEEN
By document dated October 8, 1996, plaintiff moved for leave to amend count seventeen of the second revised complaint, thereby changing the title from Negligent Investigation to Reckless Conduct of an Investigation and added allegations of wilful, CT Page 1500 wanton and reckless conduct by; defendant, Stephen H. Clarke. Said defendant, by objection dated October 15, 1996, claimed there is no cause of action for "Reckless Investigation" and any attempt to assert a new cause of action is barred by the statute of limitations. However, said defendant filed no memorandum of law in support of his position. Subsequently, the court was requested to take the matter on the papers.
In paragraph fifty-five of the Second Revised Complaint the plaintiff does allege that said defendant ". . . proceeded inreckless disregard. . . ." Therefore, despite the title of the count, recklessness was alleged, defendant was on notice of same and, therefore, a new cause of action is not now asserted in the October 8, 1996 amendment. Further, to the extent it alleges new allegations of recklessness, the underlying claim of facts is not changed, but rather, merely the description of them. Case law is quite clear that under these circumstances a new cause of action is not asserted for the purposes of the statute of limitations. There is no prejudice to the defendant.
Since the defendant has not submitted any authority for his claim that there is no cause of action for "Reckless Investigation" and because those words are in the title only, the court finds no merit to defendant's claim. Further, the operative words here are that defendant's locking the plaintiff out of his work site was with recklessness and that what he did in paragraphs sixty-four and sixty-five was in wilful reckless andwanton disregard of the truth, the warning he received from Hayes and of his professional duty. Accordingly, the court concludes that there is a cause of action in the proposed revised count seventeen
For the foregoing reasons, the defendant's objection is overruled, and the plaintiff's motion for leave to amend count seventeen is granted.
Rittenband, Judge
NO. CV 95 58263 S : SUPERIOR COURT
GEORGE ROOD : JUDICIAL DISTRICT OF TOLLAND,
VS. : AT ROCKVILLE
CANTEEN CORPORATION, ET AL : FEBRUARY 18, 1997 CT Page 1501
MEMORANDUM OF DECISION ON THE MOTION TO DISMISS OF THE STATE OFCONNECTICUT AND STEPHEN H. CLARKE DATED SEPTEMBER 27, 1996
This is an action arising out of the termination of the plaintiff's employment with the defendant, Canteen Corporation (Canteen). The plaintiff was a food service worker at a prison operated by the Department of Corrections (DOC). It is alleged that plaintiff was barred from the facility by order of the defendant, Clarke, who was the deputy warden, and that he was barred because of false allegations that he and a former inmate were involved in a homosexual relationship and that he had supplied illegal narcotics to the former prisoner. Following the DOC action, Canteen terminated plaintiff's employment.
Several motions to dismiss and to strike have been decided by Potter, J. And Rittenband, J. This decision will address the Motion to Dismiss dated September 27, 1996 brought by the State of Connecticut (State) and Clarke The motion is brought alleging lack of subject matter jurisdiction which, of course, can be brought at any time. It moves to dismiss Count Eleven against the State and Count Seventeen against Clarke.
It claims, as to Count Eleven, that plaintiff's action is untimely and is barred by the one hundred and eighty day limitation in CGS § 46a-82 (e). However, that section refers to a complaint to the Connecticut Commission on Human Rights and Opportunities (CCHRO) which the State admits was timely filed and which certainly gave the State notice of the claim. Count Eleven, however, was brought under CGS § 46a-99 which permits an action also to be brought directly to the Superior Court without first going to the CCHRO and does not contain any time limitation. The State wants the court to read § 46a-82
together with § 46a-99 and impute a one hundred and eighty day time limit to § 46a-99. The court is not prepared to do this. If the legislature had intended the same time limit, it had the opportunity to insert it in § 46a-99. It did not, and under the rules of statutory construction, the court cannot do what the State requests. Accordingly, under CGS § 46a-99 the court does have jurisdiction over Count Eleven, and it does state a cause of action upon which relief can be granted.
As to Count Seventeen, the court has granted plaintiff's proposed amendment to Count Seventeen which amendment overcomes Clarke's argument in this motion. CT Page 1502
Accordingly, the court does have jurisdiction over both counts, and both counts state a cause of action upon which relief can be granted.
For the foregoing reasons the above motion to dismiss dated September 27, 1996 is denied.
Rittenband, Judge
NO. CV 95 58263 S : SUPERIOR COURT
GEORGE ROOD : JUDICIAL DISTRICT OF TOLLAND,
VS. : AT ROCKVILLE
CANTEEN CORPORATION, ET AL : FEBRUARY 18, 1997
MEMORANDUM OF DECISION ON CANTEEN CORPORATION'S MOTIONS TO DISMISS.
Defendant, Canteen Corporation, hereafter "Canteen" has filed motions to dismiss Count One of the Second Revised Complaint on October 10, 1996 and again on December 11, 1996 both claiming lack of subject matter jurisdiction. Both motions claim that the legislature has dictated that the only forum for claims of sexual orientation employment discrimination is the Connecticut Commission on Human Rights and Opportunities, hereafter "CCHRO" and that plaintiff has an adequate statutory remedy that bars the plaintiff's common law cause of action. The court notes that the motion filed October 10, 1996 was alternatively a motion to reargue its motion to strike Count One. This court denied the motion to reargue on November 21, 1996 since it was filed more than twenty days after the issuance of the notice of decision on the original motion to strike rendered by Potter, J. Canteen's motions to dismiss, however, are before the court, although the court is puzzled by the filing of two almost identical motions and memoranda. With one exception, they are almost identical to Canteen's memorandum in support of its original motion to strike. Therein lies the problem with the two motions to dismiss. Judge Potter, in his Memorandum of Decision dated September 17, 1996, on Canteen's motion to strike, has already ruled on the issue of lack of subject matter jurisdiction finding that there was no adequate remedy at law and that the plaintiff had the right to bring this action. Judge Potter's decision is the law of the case unless the court finds it clearly erroneous. This court agrees CT Page 1503 with Judge Potter's decision.
The only new claim that has been raised in these motions to dismiss is that the plaintiff failed to allege that he had obtained a release from CCHRO which Canteen claims is a prerequisite to bringing suit. Unfortunately plaintiff, otherwise rightly upset with the motions to dismiss because they merely rehash the issues in Judge Potter's decision, has failed to address the issue of the CCHRO release, relying on his prior memoranda of law.
Canteen cites a decision by Judge Hennessy on this issue, but her decision was clearly based upon private action brought pursuant to CGS § 46a-60(i) which, as Judge Potter indicated, is not the case here in which plaintiff has alleged violation of CGS § 46a-81c. Further, Judge Potter found that § 46a-81c
and 46a-86 do not provide an adequate remedy in this case. As for the release the Supreme Court has previously recognized that it is not necessary to pursue administrative remedies that are futile.[1] For the reasons set forth in Judge Potter's decision, it would have been futile to take any further action with the CCHRO. Perhaps, this action was intended as an appeal from the CCHRO and became, for various reasons, a direct, private cause of action. However, if the lack of a release were to prevent this action, it would leave the plaintiff with no remedy at all which is certainly not what the legislature intended. What is the point of a release from CCHRO if it is clear, as stated by Judge Potter, that the plaintiff cannot recover damages from the CCHRO. Such a requirement in this case places form over substance, defies logic and common sense and would produce a result clearly not intended by the legislature. Therefore, it should not be recognized. It is admittedly a complex statutory scheme made even more complex by the repetitive motions in this case. However, based upon all of the above, this court concludes that it does have subject matter jurisdiction.
Accordingly, Canteen's motions to dismiss are denied.
Rittenband, Judge